Oldham, J. This was a bill filed by the State Bank, against Mcs Junldn, in the Independence Circuit Court. The bill charges that McJunkin obtained a judgment against the Bank, for fifty dollars and costs, before a Justice of the Peace, on a note of the Bank issued at the Branch atBatesville, and that the judgment was obtained on the 15th day of September, A. D. 1845; that by an act of the Legislature of the 10th January, 1845, a certain sum of money was appropriated to pay judgments against the Bank, and that such payments were required to be paid through the State Treasury, and not otherwise. That Mc-Junkin had not presented his judgment to the State Treasury, but had sued out a writ of execution. The bill prays an injunction, which was granted. McJunkin demurred to'the bill for want of equity; the demurrer was overruled, and, he refusing to answer, the injunction was made perpetual. Without conceding for a moment the power of the Legislature to prohibit creditors of the Bank from obtaining satisfaction of their demands by judgment, and execution, by the ordinary course of law, we arc not willing to admit that the exercise of such a power, was attempted, as seems to be supposed by this bill. By the act of the General Assembly referred to, $16,000 were appropriated “to pay salaries of the officers of the Bank of the State of Arkansas, and to pay judgments that are, or may be obtained against said Bank, provided, that all said Bank officers and judgments shall be paid through the State Treasury as other officers of the State, and not otherwise.” We cannot regard this appropriation otherwise than as an additional security afforded by the Legislature to the creditors of the Bank. But can it be pretended that the Legislature designed by appropriating sixteen thousand dollars for the payment of the salaries of the officers of the Bank and judgments against her, to deprive all the ««•editors of the Bank of the right to sue and collect their demands againft her by law? The Bank, as a corporation, stands upon an equality in the courts with individuals. Although the above amount was appropriated, we judicially know that there was no money in the treasury to meet the appropriation, and consequently a judgment creditor of the Bank, could have only obtained from the treasury, under the appropriation, a warrant from the treasurer for the amount of his judgment. This would have been exchanging one security for another. We cannot agree that the Legislature designed depriving creditors of the Bank, of their legal rights of enforcing payment of their demands by execution, or to exempt the Bank from the liabilities that she had incurred, by the act referred to. Let the decree be reversed, and the cause be remanded, with in structions to the Circuit Court to dissolve the injunction and dismiss the bill. Conway B,, Judge, not sitting.